IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOBIAS N GUTIERREZ,

    Plaintiff,

v.                                                       No. 23-cv-00801-KWR-KBM

BOARD OF COUNTY COMMISSIONERS
FOR THE COUTNY OF BERNAILLO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Bernalillo Board of County Commissioners' ("BERNCO") Motion to Dismiss (Doc. 4) (Motion). Defendant seeks dismissal of Plaintiff's Prisoner Civil Complaint (Doc. 1-1) (Complaint) on the ground that it fails to state a cognizable claim. Having reviewed the relevant law and arguments, the Court will grant the Motion, in part, but grant leave to amend.

### BACKGROUND

This case stems from the conditions of confinement at the Metropolitan Detention Center (MDC) in Albuquerque, New Mexico, where Gutierrez is a pretrial detainee. Gutierrez is proceeding *pro se*. *See* Doc. 1-1 at 1. Gutierrez alleges that MDC has almost constantly been locked down for the duration of his confinement due to staffing shortages. *Id.* He alleges as well that there are no lighted exit signs or escape routes, which is a violation of fire code. *Id.* He alleges that the conditions at MDC are unsafe and not secure. *Id.* He alleges, finally, that he has submitted grievances, but the problems have not been resolved. *Id.*

BERNCO is the only named defendant, but Gutierrez alleges that a number of state

officials, including state attorney general, the district attorney, the chief public defender, the chief executive officer of the Second Judicial District Court, a state court judge, and the MDC warden are liable for false imprisonment, malicious prosecution, abuse of process, and cruel and unusual punishment. *Id.*

that when alleges cyberhackers attacked Bernalillo County's databases in 2022, including MDC's electronic security system. *Id.* The cyber-attack allegedly disabled MDC's automatic door mechanisms and security cameras. *Id.* It also allegedly "compromised vital data that is necessary for the state's prosecutors to ethically pursue convictions." *Id.* Later that year, MCD Chief Greg Richardson declared a state of emergency due to understaffing. *Id.* MDC has a 51.09% vacancy rate among correctional officers, and the medical division is also allegedly understaffed. *Id.* Plaintiff alleges Richardson created a toxic environment at MDC, which caused many staff members to quit, and that Richardson failed to oversee safety operations at MDC. *Id.* at 2.

In September of 2022, Plaintiff was locked down for various four and five-day periods. *See* Doc. 1-1 at 2. Plaintiff spent, at most, half an hour of each day outside of his cell. This is contrary to the standards established by the American Corrections Association (ACA). *Id.* at 1. According to Plaintiff, the ACA states lockdowns should not exceed 72 hours and that inmates should be permitted to leave their cell for at least one hour per day. *Id.* The State Public Defender also allegedly instructed defense attorneys to stop visiting clients at MDC due to the understaffing. *Id.* Plaintiff submitted a grievance on the issues, and the security team responded that they were trying to address the problems and minimize lockdowns. *Id.* at 2. Plaintiff alleges Defendant ultimately failed to "fulfill[] the security function" at MDC and "at all times … was acting under color of state law." *Id.* at 1.

Based on these facts, the Complaint raises claims for cruel and unusual punishment under

the U.S. Constitution and for violation of the Universal Declaration of Human Rights (UDHR). *See* Doc. 1-1 at 2. The Complaint also appears to raise claims relating to Plaintiff's state criminal prosecution. Plaintiff alleges the MDC security breach caused due process violations, ineffective assistance by counsel, gross miscarriage of justice, and the violation of his right to a fair trial. *Id.* at 1. Plaintiff names one Defendant (the Board of County Commissioners for Bernalillo County) and seeks $1500 for each day he spent at MDC. *Id.* at 1-2. Gutierrez originally filed the Complaint in New Mexico's Second Judicial District Court. (Doc. 1-1). BERNCO removed the case based on federal-question jurisdiction and filed an answer along with the instant Motion under Fed. R. Civ. P. 12(b)(6). (Docs. 1, 4). Gutierrez filed a response to the Motion, and BERNCO filed a reply. Docs. 5, 6). The Motion is fully briefed and ready for review.

## STANDARD OF REVIEW

Where, as here, a defendant files a motion to dismiss after submitting an answer, the matter must be construed as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). *See Borde v. Bd. of Cty. Comm'rs of Luna Cty., N.M.*, 514 Fed. App'x 795, 799 n.5 (10th Cir. 2013) ("If the defendant makes the motion after filing the answer, the motion should generally be treated as a motion for judgment on the pleadings."). Such construction has no practical consequences, as the Rule 12(b)(6) standard applies to all motions under Rule 12(c). *See Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the

3

light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

## DISCUSSION

Plaintiff raises claims under the federal constitution, which are analyzed under 42 U.S.C. § 1983. Section 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has

personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046. The Complaint does not identify any individual who was personally involved in the alleged wrongdoing. To the extent several public figures are identified as liable for various torts and unconstitutional conduct, the Complaint does not specify what these individuals personally did in violation of Gutierrez's constitutional rights. Nor are they identified as defendants.

The sole defendant in this action is BERNCO, a local government entity. Local governmental entities may not be held liable under § 1983 for the actions of its employees based on the doctrine of *respondeat superior*. *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). Therefore, to establish liability of local-government entities under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996). The Complaint is devoid of allegations showing the challenged conditions of confinement are attributable to a municipal policy or custom promulgated by BERNCO.

In his response to the Motion, Gutierrez seeks to amplify his claims by adding new allegations and raising a new challenge to the constitutionality of his pretrial detention. (Doc. 5). A litigant cannot amplify his factual allegations through the response to a motion to dismiss. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (The purpose of a motion to dismiss is to test 'the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to

dismiss") (citations omitted). Even if the Court considered the extra facts, they would not change the result.

> For purposes of *Monell,* the relevant policy or custom must consist of:
>
> a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (quotations omitted). Whatever type of policy or custom is alleged, the "plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the moving force behind the injury alleged. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis in original). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.* The supplemental allegations do not satisfy these pleading standards. The Complaint, even as supplemented by the response, therefore fails to state a cognizable claim under 42 U.S.C. § 1983.

To the extent that Gutierrez seeks to challenge the constitutionality of his pretrial detention, he must seek habeas relief under 28 U.S.C. § 2241. Gutierrez is advised, however, that before seeking habeas relief under § 2241, he must exhaust available state court remedies. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (citing *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)). In this instance, that would require Gutierrez to seek relief in the ongoing criminal proceedings, followed, if needed, by a direct appeal and ultimately a petition for a writ of certiorari from the New Mexico Supreme Court. *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011).

The Court will grant the Motion, in part, and dismiss the Complaint. However, leave to amend will be granted, as *pro se* plaintiffs are ordinarily given an opportunity to remedy defects attributable to their ignorance of federal law. *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff may file an amended complaint within thirty (30) days of entry of this ruling. If Plaintiff fails to timely comply or files another complaint that fails to state a cognizable § 1983 claim, the Court may dismiss the claims with prejudice and without further notice.

**IT IS HEREBY ORDERED** that:

(1) Defendant Board of County Commissioners' Motion to Dismiss **(Doc. 4)** is granted, in part, as set forth above; and Plaintiff's Prisoner Civil Complaint **(Doc. 1-1)** is dismissed without prejudice.

(2) Plaintiff may file an amended complaint within thirty (30) days of entry of this Order.

(3) Plaintiff's Motion for a pretrial conference **(Doc. 7)** denied without prejudice as moot.

    /S/ KEA W. RIGGS_____
UNITED STATES DISTRICT JUDGE