IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOBIAS N. GUTIERREZ,

    Plaintiff,

v.                                                              No. 1:23-cv-0801 KWR-KBM

BOARD OF COUNTY COMMISSIONERS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court following Plaintiff Tobias Gutierrez' failure to file an amended complaint that alleges a plausible claim. Plaintiff is incarcerated and proceeding *pro se*. The original Complaint consists for one handwritten page, in which Plaintiff challenges his conditions of confinement at the Metropolitan Detention Center (MDC) in Albuquerque, New Mexico. (Doc. 1-1). According to Plaintiff, MDC has almost constantly been locked down for the duration of his confinement due to staffing shortages. *Id.* He alleges that there are no lighted exit signs or escape routes, which is a violation of fire code. *Id.* He alleges that the conditions at MDC are unsafe and not secure. *Id.* He further states he "was not given a first appearance hearing and [] was not set a bail bond," and that he has submitted grievances, but the problems have not been resolved. *Id.*

    The caption of the original Complaint names one Defendant - the Board of County Commissioners for Bernalillo County ("the Board"). *Id.* The body of that pleading also states that a number of state officials, including state attorney general, the district attorney, the chief public defender, the chief executive officer of the Second Judicial District Court, a state court judge, and

the MDC warden are liable for false imprisonment, malicious prosecution, abuse of process, and cruel and unusual punishment. *Id.*; (Doc. 1-2). Plaintiff seeks $1,700 per day for every day he was incarcerated. (Doc. 1-1).

Plaintiff filed the original Complaint in New Mexico's Second Judicial District Court. (Doc. 1-1). On September 19, 2023, the Board removed the matter to this Court based on federal question jurisdiction. (Doc. 1). The Board also filed a Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. 4). Plaintiff filed a response to the Motion to Dismiss, and the Board filed a reply. (Docs. 5, 6).

By a ruling entered July 15, 2024, the Court determined the original Complaint fails to state a cognizable claim under the U.S. Constitution and 42 U.S.C. § 1983. (Doc. 10) (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner complaints against governmental entities). The Screening Ruling explains that the original Complaint does not connect the Board to any alleged wrongdoing. (Doc. 10) at 5-6. There are also no facts showing the Board promulgated a policy or custom that caused any constitutional violation. *See Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (to establish liability of local-government entities under Section 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged."). To the extent several public figures are identified as liable for various torts and unconstitutional conduct, the original Complaint does not specify what these individuals personally did in violation of Plaintiff's constitutional rights, and they are not identified as defendants. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998) (to state a claim under § 1983, a plaintiff must allege that each government official, through the official's own individual actions, has personally violated the

2

Constitution). To the extent Plaintiff seeks to challenge the constitutionality of his pretrial detention, the Screening Ruling advised that such claims can only be raised in Federal Court through a 28 U.S.C. § 2241 habeas proceeding. (Doc. 10) at 6.

Based on these pleading defects, the Court granted the Board's Motion to Dismiss, in part, and dismissed the claims in the original Complaint without prejudice. (Doc. 10) at 7. Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), Plaintiff was *sua sponte* invited to amend his claims within thirty (30) days of entry of the Screening Ruling. Plaintiff was warned that if he fails to timely file an amended complaint or files another complaint that fails to state a cognizable claim, the Court may dismiss the claims with prejudice. *Id.*

The deadline to amend was August 14, 2024. Plaintiff did not comply, show cause for such failure, or otherwise respond to the Screening Ruling. The Court will therefore dismiss this case, including all civil claims in Plaintiff's original Complaint (Doc. 1-1), with prejudice for failure to state a cognizable claim under 28 U.S.C. § 1915A and Rule 12(b)(6). *See Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where the district court rejected a "claim but gave [plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in a dismissal").

Plaintiff is reminded that the dismissal of his civil Complaint has no impact on his ability to file a habeas corpus petition. Plaintiff must file a 28 U.S.C. § 2241 petition if he wishes "to challenge pretrial detention." *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007).

**IT IS THEREFORE ORDERED** that all civil claims in Plaintiff's Civil Complaint (Doc. 1-1) are dismissed with prejudice for failure to state a cognizable claim under 28 U.S.C. § 1915A and Rule 12(b)(6). The Court will enter a separate judgment closing the civil case.

**SO ORDERED.**

                                                    /S/
                                        KEA W. RIGGS
                                        UNITED STATES DISTRICT JUDGE